UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON CHAVEZ, <br><br> *Plaintiff*, <br><br> v. <br><br> ADVOCATE HEALTH CARE, An Illinois Corporation, d/b/a DREYER MEDICAL CENTER, <br><br> *Defendant*. | Case No. 1:16-cv-5423 <br><br> Hon. Judge Joan B. Gottschall <br><br> Magistrate Judge Maria Valdez |

**DEFENDANT ADVOCATE HEALTH CARE'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Advocate Health Care pursuant to Federal Rules of Civil Procedure 8 and 12, submits the following Answer, Defenses, and Affirmative Defenses to the First Amended Complaint filed by Sharon Chavez.

**NATURE OF THE ACTION**

1.	This is an action under Title I of the Americans with Disabilities Act ("the ADA") and the Family Medical Leave Act ("FMLA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sharon Chavez (hereinafter "Mrs. Chavez"), who was subjected to discrimination and retaliation based upon her disability and/or perceived disability and for exercising the rights enumerated above by her Employer, Advocate Health Care (hereinafter "Advocate").

**ANSWER:** Advocate admits that Plaintiff purports to bring this action pursuant to the Americans with Disabilities Act and the Family Medical Leave Act. Advocate denies all remaining allegations in Paragraph 1 of the First Amended Complaint.

**PARTIES TO THE ACTION**

2.	Prior to April 9, 2015, Mrs. Chavez was an employee of Advocate as defined and codified in 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2).

**ANSWER:** Advocate admits that from on or about January 24, 2005 to on or about April 9, 2015, Plaintiff was an employee of Dreyer Medical Clinic. Advocate denies all remaining allegations in Paragraph 2 of the First Amended Complaint.

3. At all relevant times, Mrs. Chavez was a "qualified individual," or perceived by Advocate as such, as defined and codified in 42 U.S.C. § 12111(8).

**ANSWER:** Advocate denies the allegation in Paragraph 3 of the First Amended Complaint.

4. At all relevant times, Advocate was an "employer" as defined and codified in 42 U.S.C. § 12111(5) and 29 U.S.C. § 2611(4), headquartered in Downers Grove, Illinois.

**ANSWER:** Advocate admits that from on or about January 24, 2005 to on or about April 9, 2015, Dreyer Medical Clinic was Plaintiff's employer. Advocate denies the remaining allegations in Paragraph 4 of the First Amended Complaint.

5. At all relevant times, Advocate owned, operated and maintained a clinic in Batavia, Illinois called Dreyer Medical Clinic (hereinafter "Dreyer"). Dreyer was an affiliate of Advocate at all times complained of.

**ANSWER:** Advocate admits that Dreyer Medical Clinic is associated with Advocate Health Care. Advocate denies the remaining allegations in Paragraph 5 of the First Amended Complaint.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Title I of the ADA, codified at 42 U.S.C. § 12101, *et seq.*, and the FMLA, codified at 29 U.S.C. § 2601, *et seq.*

**ANSWER:** Advocate admits that Plaintiff purports to invoke jurisdiction pursuant to 28 U.S.C. § 1331. Advocate further admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1201, *et seq.*, and 29 U.S.C. § 2601, *et. seq*.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1)(2) and (3), in that Mrs. Chavez and Advocate reside in this district and all of the events complained of occurred in this district.

**ANSWER:** Advocate admits that it resides in this district. Advocate denies all remaining allegations in Paragraph 7 of the First Amended Complaint.

8. All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a right-to-sue letter issued by the Equal Employment Opportunity Commission and received by Mrs. Chavez on or near February 28, 2016. See Exhibit A.

**ANSWER:** Advocate admits that Exhibit A to the First Amended Complaint is a Right to Sue letter dated February 24, 2016. Advocate denies all remaining allegations in Paragraph 8 of the First Amended Complaint.

## STATEMENT OF FACTS

9. Mrs. Chavez was hired by Advocate to work at Dreyer on January 25, 2005. Her position at Dreyer was "physician's assistant."

**ANSWER:** Advocate admits that Plaintiff began her employment with Advocate in January 2005. Advocate further admits that she was hired as a physician's assistant.

10. In that capacity, Mrs. Chavez was able to diagnose patients and prescribe medications. Her performance evaluations and productivity were exemplary throughout her tenure at Dreyer.

**ANSWER:** Advocate denies the allegations in Paragraph 10 of the First Amended Complaint.

11. In November 2014, she suffered a severe exacerbation of preexisting migraine headaches. The headaches became so intense that she applied for and received intermittent FMLA leave. She only needed to take off approximately 4-8 hours per month due to the headaches.

**ANSWER:** Advocate admits that Plaintiff applied for and received intermittent FMLA leave in November 2014. Advocate denies all remaining allegations in Paragraph 11 of the First Amended Complaint.

12. In January 2015, Mrs. Chavez was a patient of neurologist Brian O'Shaughnessy, M.D. at Dreyer for the migraines. He prescribed a Fentanyl patch, oral Norco 10/325mg and cleared her to use the patch while at work.

**ANSWER:** Advocate denies the allegations in Paragraph 12 of the First Amended Complaint.

13. The nature of the medication Dr. O'Shaughnessy prescribed was not one that affected Mrs. Chavez's ability to perform the essential functions of her job or result in a threat to her patients.

**ANSWER:** Advocate denies the allegations in Paragraph 13 of the First Amended Complaint.

14. After about five weeks of using the patch intermittently, Mrs. Chavez's superiors learned that Dr. O'Shaughnessy prescribed the medications, that she was cleared to use the patch at work, but began to perceive her as being disabled by drug usage.

**ANSWER:** Advocate denies the allegations in Paragraph 14 of the First Amended Complaint.

15. On February 6, 2015, Mrs. Chavez experienced a migraine and asked her supervisor for permission to utilize a half-day of intermittent FMLA leave. Advocate initially approved the request, but then revoked it.

**ANSWER:** Advocate denies the allegations in Paragraph 15 of the First Amended Complaint.

16. Immediately after the revocation of FMLA leave, Mrs. Chavez was ordered by her office manager, without prior warning or reasonable basis, to submit to a drug and alcohol screen. She passed the screen as there were no drugs or alcohol in her system.

**ANSWER:** Advocate denies the allegations in Paragraph 16 of the First Amended Complaint.

17. Despite passing the drug and alcohol screen and without any reasonable basis, Advocate required that she participate in its Employee Assistance Program ("EAP") relative to substance abuse.

**ANSWER:** Advocate denies the allegations in Paragraph 17 of the First Amended Complaint.

18. Advocate's pretextual reason for enrolling Mrs. Chavez in EAP was "impaired judgment," although her judgment was never impaired. The assigned counselor at EAP was Vanessa Houdeck, Psy.D.

**ANSWER:** Advocate admits that Vanessa Houdek was Plaintiff's assigned counselor at EAP.

Advocate denies all remaining allegations in Paragraph 18 of the First Amended Complaint.

19. As of February 12, 2015, Mrs. Chavez was placed on indefinite unpaid leave. On February 20, 2015, she was required to submit to neurological examinations with Dr. O'Shaughnessy and Dr. Bonnie Vastoba as part of the EAP. Again, the results of the neurological examinations were normal.

**ANSWER:** Advocate denies the allegations in Paragraph 19 of the First Amended Complaint.

20. Dr. O'Shaughnessy and Dr. Vastoba provided notes clearing Mrs. Chavez to return to work, which were provided to Dreyer's Director of Human Resources, Matt Pattelli.

NAI-1501614509v4

**ANSWER:**  Advocate denies the allegations in Paragraph 20 of the First Amended Complaint.

21.     In February 2015, Dr. O'Shaughnessy also suggested that Mrs. Chavez submit to neuropsychological testing to show that she wasn't impaired or exhibiting "impaired judgment." She did and the results were again normal.

**ANSWER:**  Advocate denies the allegations in Paragraph 21 of the First Amended Complaint.

22.     Dr. Houdeck then said that she wanted a second opinion from a neurologist or pain management specialist. At this point, Advocate was doctor shopping in order to find a reason to terminate Mrs. Chavez because it perceived her as being disabled by drug use and/or her request for FMLA leave.

**ANSWER:**  Advocate denies the allegations in Paragraph 22 of the First Amended Complaint.

23.     On March 9, Dr. Houdeck conducted a "close out meeting" with Mrs. Chavez. At the meeting, Dr. Houdeck told Mrs. Chavez that she could return to work, that she would call "every 1-2 weeks" to check on her, but that she would be on "probation."

**ANSWER:**  Advocate denies the allegations in Paragraph 23 of the First Amended Complaint.

24.     Mrs. Chavez protested that she was being put on probation due to a continuing perception that she was disabled due to drug usage even though she had not violated any of Dreyer's or Advocate's rules or policies. Advocate placed Mrs. Chavez on probation to facilitate her soon-to-be termination.

**ANSWER:**  Advocate denies the allegations in Paragraph 24 of the First Amended Complaint.

25.     In mid-March, Mrs. Chavez requested that she be allowed to see patients every 30 minutes rather than every 15 minutes as a reasonable accommodation for her migraines. At that time, Dr. William Dagiantis, who was not disabled or perceived as disabled, was permitted to see patients every 30 minutes.

**ANSWER:**  Advocate denies the allegations in Paragraph 25 of the First Amended Complaint.

26.     Mrs. Chavez's request for a modified schedule was denied. Advocate never engaged or offered to engage in an interactive process to determine an appropriate accommodation for Mrs. Chavez's migraines.

**ANSWER:**  Advocate denies the allegations in Paragraph 26 of the First Amended Complaint.

27.     On March 13, 2015, Dreyer's Director of Human Resources Matt Pattelli informed Mrs. Chavez that she would not be paid for the time she was off during participation in the EAP.

**ANSWER:**  Advocate denies the allegations in Paragraph 27 of the First Amended Complaint.

28. On March 25, 2015, Dr. Houdeck called Mrs. Chavez and claimed that she called previously on March 13, March 16 and March 19, but that the calls were not returned.

**ANSWER:** Advocate denies the allegations in Paragraph 28 of the First Amended Complaint.

29. In reality, Mrs. Chavez only received one call from Dr. Houdeck on or near March 19, 2015. Mrs. Chavez returned Dr. Houdeck's call on March 19, 2015 and left a message, which Dr. Houdeck acknowledged.

**ANSWER:** Advocate denies the allegations in Paragraph 29 of the First Amended Complaint.

30. On March 31, 2015, Dr. Houdeck sent correspondence claiming the telephone call history constituted "noncompliance" with the EAP program even though Dr. Houdeck originally stated that she would check in "every 1-2 weeks."

**ANSWER:** Advocate denies the allegations in Paragraph 30 of the First Amended Complaint.

31. On April 9, 2015, Mrs. Chavez was terminated. Advocate's pretextual reason was "failing to comply with EAP recommendations."

**ANSWER:** Advocate admits that it terminated Plaintiff's employment on April 9, 2015. Advocate denies all remaining allegations in Paragraph 31 of the First Amended Complaint.

32. Advocate terminated Mrs. Chavez in retaliation for seeking an accommodation for her migraines, for utilizing FMLA leave, and because it perceived Mrs. Chavez as being disabled by drug usage. As a result of being terminated, Mrs. Chavez lost income and suffered severe emotional distress.

**ANSWER:** Advocate denies the allegations in Paragraph 32 of the First Amended Complaint.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

33. Mrs. Chavez repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through thirty-two as if fully set forth herein.

**ANSWER:** Advocate restates and incorporates by reference its Answers to Paragraphs 1 to 32 as its Answer to Paragraph 33 of Count I.

34. In early February 2015, Advocate began to perceive Mrs. Chavez as disabled due to migraines and prescription drug use.

**ANSWER:** Advocate denies the allegations in Paragraph 34 of the First Amended Complaint.

35. Between early February 2015 and April 9, 2015, Advocate perceived Mrs. Chavez as disabled as codified in the ADA, 42 U.S.C. § 12102.

**ANSWER:**  Advocate denies the allegations in Paragraph 35 of the First Amended Complaint.

36. Once Advocate perceived Mrs. Chavez as being disabled, it engaged in acts meant to facilitate her termination, including forcing her to submit to a drug and alcohol screen, putting her on probation and referring her to EAP without any evidence that such a referral was warranted.

**ANSWER:**  Advocate denies the allegations in Paragraph 36 of the First Amended Complaint.

37. The drug and alcohol screen was not job-related or consistent with business necessity as defined in 42 U.S.C. § 12112(d)(4)(A).

**ANSWER:**  Advocate denies the allegations in Paragraph 37 of the First Amended Complaint.

38. Advocate engaged in the aforementioned conduct because it did not want an employee it perceived as being disabled with migraines and/or prescription drug usage to be employed by Advocate and/or Dreyer.

**ANSWER:**  Advocate denies the allegations in Paragraph 38 of the First Amended Complaint.

39. Other employees at Dreyer that Advocate did not perceive as being disabled were not similarly denied a modified schedule, placed on probation, referred to EAP or terminated without cause.

**ANSWER:**  Advocate denies the allegations in Paragraph 39 of the First Amended Complaint.

40. As a result of the aforementioned discriminatory acts of Advocate, Mrs. Chavez suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income, loss of earnings potential, loss of enjoyment of life, and severe emotional distress. WHEREFORE, SHARON CHAVEZ demands judgment against ADVOCATE MEDICAL CENTER in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to Title I of the Americans with Disabilities Act, plus attorneys' fees, punitive damages, litigation expenses and cost of suit.

**ANSWER:**  Advocate denies that Plaintiff is entitled to the relief prayed for in Count I of the First Amended Complaint and further denies that Plaintiff is entitled to any relief whatsoever in this action.

### COUNT II - VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT – RETALIATION

41. Mrs. Chavez repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through thirty-two as if fully set forth herein.

NAI-1501614509v4

**ANSWER:** Advocate restates and incorporates by reference its Answers to Paragraphs 1 to 32 as its Answer to Paragraph 41 of Count II.

42. Between early February 2015 and April 9, 2015, Advocate knew Mrs. Chavez was disabled as defined in the ADA or Advocate perceived her as being disabled within the meaning of the ADA.

**ANSWER:** Advocate denies the allegations in Paragraph 42 of the First Amended Complaint.

43. Mrs. Chavez engaged in a protected activity when she notified Advocate that she was disabled and requested an accommodation due to migraines.

**ANSWER:** Advocate denies the allegations in Paragraph 43 of the First Amended Complaint.

44. Mrs. Chavez engaged in a protected activity when she complained that she was the victim of discrimination due to a perception that she was disabled due to prescription medication usage.

**ANSWER:** Advocate denies the allegations in Paragraph 44 of the First Amended Complaint.

45. Advocate did not retaliate against other similarly situated individuals that were not disabled but requested reasonable accommodations, such as a modified schedule.

**ANSWER:** Advocate denies that there are any similarly situated individuals and thus denies the allegations in Paragraph 45 of the First Amended Complaint.

46. On April 9, 2015, Advocate terminated Mrs. Chavez in retaliation for requesting a reasonable accommodation and for complaining of discrimination due to a perceived disability.

**ANSWER:** Advocate admits that it terminated Plaintiff's employment on April 9, 2015. Advocate denies all remaining allegations in Paragraph 46 of the First Amended Complaint.

47. As a result of Advocate's aforementioned retaliatory acts, Mrs. Chavez has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

**ANSWER:** Advocate denies the allegations in Paragraph 47 of the First Amended Complaint.

WHEREFORE, MRS. CHAVEZ demands judgment against ADVOCATE HEALTH CARE in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to Title I of the Americans with Disabilities Act, plus attorneys' fees, litigation expenses and cost of suit.

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count II of the First Amended Complaint and further denies that Plaintiff is entitled to any relief whatsoever in this action.

### COUNT III - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

48. Mrs. Chavez repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through thirty-two as if fully set forth herein.

**ANSWER:** Advocate restates and incorporates by reference its Answers to Paragraphs 1 to 32 as its Answer to Paragraph 48 of Count III.

49. In mid-March, 2015, Mrs. Chavez requested a reasonable accommodation of a modified patient schedule to deal with her migraine headaches.

**ANSWER:** Advocate denies the allegations in Paragraph 49 of the First Amended Complaint.

50. Advocate refused to provide Mrs. Chavez with the reasonable accommodation as requested.

**ANSWER:** Advocate denies the allegations in Paragraph 50 of the First Amended Complaint.

51. Advocate also refused to engage in the interactive process in order to determine a suitable accommodation for Mrs. Chavez.

**ANSWER:** Advocate denies the allegations in Paragraph 51 of the First Amended Complaint.

52. Instead, Advocate terminated Mrs. Chavez on April 9, 2015.

**ANSWER:** Advocate admits that it terminated Plaintiff's employment on April 9, 2015. Advocate denies all remaining allegations contained in Paragraph 52 of the First Amended Complaint.

53. As a result of Advocate's aforementioned refusal to engage in the interactive process, Mrs. Chavez has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

**ANSWER:** Advocate denies the allegations in Paragraph 53 of the First Amended Complaint.

NAI-1501614509v4

WHEREFORE, MRS. CHAVEZ demands judgment against ADVOCATE HEALTH CARE in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to Title I of the Americans with Disabilities Act, plus attorneys' fees, litigation expenses and cost of suit.

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count III of the First Amended Complaint and further denies that Plaintiff is entitled to any relief whatsoever in this action.

### COUNT IV - VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE

54. Mrs. Chavez repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through thirty-two as if fully set forth herein.

**ANSWER:** Advocate restates and incorporates by reference its Answers to Paragraphs 1 to 32 as its Answer to Paragraph 54 of Count IV.

55. Mrs. Chavez requested a reasonable accommodation to cope with her actual and/or perceived disability.

**ANSWER:** Advocate denies the allegations in Paragraph 55 of the First Amended Complaint.

56. Mrs. Chavez was able to perform all the duties of a physician's assistant with the reasonable accommodation.

**ANSWER:** Advocate denies the allegations in Paragraph 56 of the First Amended Complaint.

57. Advocate refused to provide Mrs. Chavez with a reasonable accommodation that would allow her to cope with her migraine headaches.

**ANSWER:** Advocate denies the allegations in Paragraph 57 of the First Amended Complaint.

58. As a result of Advocate's aforementioned failure to accommodate, Mrs. Chavez has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

**ANSWER:** Advocate denies the allegations in Paragraph 58 of the First Amended Complaint.

WHEREFORE, MRS. CHAVEZ demands judgment against ADVOCATE HEALTH CARE in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to Title I of the Americans with Disabilities Act, plus attorneys' fees, litigation expenses and cost of suit.

NAI-1501614509v4

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count IV of the First Amended Complaint and further denies that Plaintiff is entitled to any relief whatsoever in this action.

## COUNT V - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE

59. Mrs. Chavez repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through thirty-two as if fully set forth herein.

**ANSWER:** Advocate restates and incorporates by reference its Answers to Paragraphs 1 to 32 as its Answer to Paragraph 59 of Count V.

60. Prior to April 9, 2015, Mrs. Chavez was an employee of Advocate as defined and codified in 29 U.S.C. § 2611(2).

**ANSWER:** Advocate admits that from on or about January 24, 2005 to on or about April 9, 2015, Plaintiff was an employee of Dreyer Medical Clinic. Advocate denies all remaining allegations in Paragraph 60 of the First Amended Complaint.

61. At all times complained of, Advocate was an "employer" as defined and codified in 29 U.S.C. § 2611(4).

**ANSWER:** Advocate admits that from on or about January 24, 2005 to on or about April 9, 2015, Dreyer Medical Clinic was Plaintiff's employer. Advocate denies the remaining allegations in Paragraph 61 of the First Amended Complaint.

62. In or near November 2014, Mrs. Chaves [sic] applied and was approved for intermittent FMLA leave due to migraine headaches.

**ANSWER:** Advocate admits that Plaintiff applied for and was approved for intermittent FMLA leave in November 2014. Advocate denies all remaining allegations in Paragraph 62 of the First Amended Complaint.

63. Prior to February 6, 2014, Mrs. Chavez provided reasonable notice to Advocate that she would need to utilize intermittent FMLA leave for migraine headaches

**ANSWER:** Advocate denies the allegations in Paragraph 63 of the First Amended Complaint.

64. On February 6, 2014, Mrs. Chavez requested permission to utilize a half-day of intermittent FMLA leave for a migraine headache.

**ANSWER:** Advocate denies the allegations in Paragraph 64 of the First Amended Complaint.

65. Advocate initially granted the request, but then denied it and immediately sent Mrs. Chavez for a drug and alcohol screening and forced her to participate in EAP and numerous medical evaluations. The results of the drug and alcohol screen were normal.

**ANSWER:** Advocate denies the allegations in Paragraph 65 of the First Amended Complaint.

66. As a result of Advocate's aforementioned interference, Mrs. Chavez has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

**ANSWER:** Advocate denies the allegations in Paragraph 66 of the First Amended Complaint.

WHEREFORE, MRS. CHAVEZ demands judgment against ADVOCATE HEALTH CARE in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to the Family Medical Leave Act, plus attorneys' fees, litigation expenses and cost of suit.

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count V of the First Amended Complaint and further denies that Plaintiff is entitled to any relief whatsoever in this action.

## COUNT VI – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT - RETALIATION

67. Mrs. Chavez repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through thirty-two as if fully set forth herein.

**ANSWER:** Advocate restates and incorporates by reference its Answers to Paragraphs 1 to 32 as its Answer to Paragraph 67 of Count VI.

68. Prior to April 9, 2015, Mrs. Chavez was an employee of Advocate as defined and codified in 29 U.S.C. § 2611(2).

**ANSWER:** Advocate admits that from on or about January 24, 2005 to on or about April 9, 2015, Plaintiff was an employee of Dreyer Medical Clinic. Advocate denies all remaining allegations in Paragraph 68 of the First Amended Complaint.

69. At all times complained of, Advocate was an "employer" as defined and codified in 29 U.S.C. § 2611(4).

**ANSWER:** Advocate admits that from on or about January 24, 2005 to on or about April 9, 2015, Dreyer Medical Clinic was Plaintiff's employer. Advocate denies the remaining allegations in Paragraph 69 of the First Amended Complaint.

70. In or near November 2014, Mrs. Chaves [sic] applied and was approved for intermittent FMLA leave due to migraine headaches.

**ANSWER:** Advocate admits that Plaintiff applied for and was approved for intermittent FMLA leave in November 2014. Advocate denies all remaining allegations in Paragraph 70 of the First Amended Complaint.

71. Prior to February 6, 2014, Mrs. Chavez provided reasonable notice to Advocate that she would need to utilize intermittent FMLA leave for migraine headaches.

**ANSWER:** Advocate denies the allegations in Paragraph 71 of the First Amended Complaint.

72. On February 6, 2014, Mrs. Chavez requested permission to utilize a half-day of intermittent FMLA leave for a migraine headache.

**ANSWER:** Advocate denies the allegations in Paragraph 72 of the First Amended Complaint.

73. Advocate initially granted the request, but then denied it and immediately sent Mrs. Chavez for a drug and alcohol screening and forced her to participate in EAP and numerous medical evaluations. The results of the drug and alcohol screen were normal.

**ANSWER:** Advocate denies the allegations in Paragraph 73 of the First Amended Complaint.

74. On April 9, 2015, Advocate terminated Mrs. Chavez for attempting to utilize leave pursuant to the FMLA.

**ANSWER:** Advocate admits that it terminated Plaintiff's employment on April 9, 2015. Advocate denies all remaining allegations in Paragraph 74 of the First Amended Complaint.

75. Mrs. Chavez was treated less favorably than other similarly situated employees that did not request FMLA leave.

**ANSWER:** Advocate denies that there are any similarly situated individuals and denies the allegations in Paragraph 75 of the First Amended Complaint.

76. As a result of Advocate's retaliation, Mrs. Chavez has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

**ANSWER:** Advocate denies the allegations in Paragraph 76 of the First Amended Complaint.

WHEREFORE, MRS. CHAVEZ demands judgment against ADVOCATE HEALTH CARE in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to the Family Medical Leave Act, plus attorneys' fees, litigation expenses and cost of suit.

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count VI of the First Amended Complaint and further denies that Plaintiff is entitled to any relief whatsoever in this action.

## JURY DEMAND

77. Mrs. Chavez demands trial by jury pursuant to the Title I of the Americans with Disabilities Act.

**ANSWER:** Advocate denies that Plaintiff is entitled to have a jury decide her claims brought pursuant to Title I of the Americans with Disabilities Act.

## DEFENSES AND AFFIRMATIVE DEFENSES

**No. 1:**

The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**No. 2:**

Plaintiff is not entitled to relief under the ADA or FMLA to the extent that she was not an eligible employee within the meaning of either statute.

**No. 3:**

Plaintiff is not entitled to relief under the ADA to the extent she is not a qualified individual, with or without a reasonable accommodation.

**No. 4:**

NAI-1501614509v4

Plaintiff is not entitled to relief under the ADA to the extent she failed to notify Advocate of her disability.

**No. 5:**

Plaintiff is not entitled to relief under the FMLA to the extent that she failed to notify Advocate of any intention to take FMLA leave.

**No. 6:**

To the extent that Plaintiff failed to provide Advocate with certification from a health care provider pursuant to 29 U.S.C. § 2613, Plaintiff is not entitled to relief under the FMLA.

**No. 7:**

Plaintiff is not entitled to relief under the FMLA to the extent that she requested leave that is not qualified pursuant to 29 U.S.C. §§ 2611-2612.

**No. 8:**

Plaintiff's claims are barred by estoppel, waiver, unclean hands, and laches.

**No. 9:**

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and/or are otherwise untimely.

**No. 10**:

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust administrative remedies and/or satisfy jurisdictional requirements.

**No. 11**:

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust internal Advocate remedies and/or claim review.

**No. 12**:

Advocate has and has had, at all relevant times, an internal policy which sets forth the procedure to be followed if an employee believes he or she has been harassed or discriminated or retaliated against and Advocate provided other opportunities to prevent or correct such conduct. To the extent Plaintiff failed to utilize such procedures, Plaintiff's claims are barred.

**No. 13**:

Plaintiff's claims are barred because Advocate exercised reasonable care to prevent and promptly to correct any alleged unlawful conduct, and to the extent Plaintiff was obligated to do so, Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

**No. 14**:

To the extent Plaintiff complained of the alleged conduct giving rise to this action, and to the extent Advocate was obligated to do so, Advocate promptly and thoroughly investigated Plaintiff's complaints and promptly took appropriate corrective action.

**No. 15**:

Advocate acted in good faith at all times relevant to this action and had reasonable grounds to believe that its acts and omissions, if any, were not a violation of the ADA or the FMLA.

**No. 16**:

To the extent that Advocate is found to have been motivated by impermissible criteria, Advocate asserts that all employment decisions in this action would have occurred even in the absence of such impermissible criteria.

**No. 17**:

NAI-1501614509v4

Advocate is not liable for the acts and/or omissions committed by its employees or agents who were not acting within the scope of their employment.

**No. 18**:

Plaintiff's claims are barred to the extent Advocate has or discovers evidence after-the-fact which amounts to independent grounds to terminate Plaintiff's employment.

**No. 19**:

Plaintiff's claims should be dismissed to the extent that they are beyond the scope of the underlying charge(s) of discrimination.

**No. 20:**

Plaintiff's claims are barred because Plaintiff was a direct threat to the health or safety of patients.

**No. 21:**

Plaintiff is not entitled to relief under the FMLA to the extent that Plaintiff exhausted her available leave.

**No. 22:**

Plaintiff is not entitled to punitive damages under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* if any.

**No. 23:**

To the extent that Plaintiff is entitled to damages, Plaintiff has failed to mitigate her damages.

**No. 24:**

Plaintiff is not entitled to have a jury decide all of her claims in this lawsuit.

NAI-1501614509v4

**WHEREFORE**, Defendant Advocate requests that the First Amended Complaint be dismissed in its entirety with prejudice; that Plaintiff take nothing by way of the First Amended Complaint; that Defendant Advocate be awarded its costs and attorneys' fees incurred herein; and that Defendant Advocate be awarded such further relief as the Court deems just and proper.

Dated: August 5, 2016                                Respectfully submitted,

/s/Efrat R. Schulman
Michael J. Gray (6210880)
mjgray@jonesday.com
Efrat R. Schulman (6280999)
eschulman@jonesday.com
Robyn-Ashley Hall (6320736)
rhall@jonesday.com

JONES DAY
77 West Wacker
Chicago, IL  60601.1692
Telephone:   312.782.3939
Facsimile:   312.782.8585

*Attorneys for Defendant Advocate Health Care*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2016, I electronically filed the foregoing **Defendant Advocate Health Care's Answer, Defenses, And Affirmative Defenses To Plaintiff's First Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such a filing to the following counsel of record at the email address on file with the Court:

Patrick J. Walsh.

/s/Efrat R. Schulman
One of the attorneys for Defendant Advocate Health Care